UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE TORREALBA CARRASQUEL,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, ET AL.,

Respondents.

No. 1:26-cv-06867-DAD-JDP

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos 1. 3)

On August 28, 2026, petitioner proceeding with counsel filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE") and a motion for a temporary restraining order ("TRO"). (Doc. Nos. 1, 3.) This court ordered respondents to file a response to petitioner's filings and directed respondents to indicate whether they opposed this court from ruling on the underlying habeas petition based on the briefing presently before it. (Doc. No. 5.) Respondents' response did not state any objection to this court ruling on petitioner's habeas petition at this time based on the current briefing and the court will do so. (Doc. No. 7.) Petitioner has filed a reply. (Doc No. 8.)

Based on the parties' briefs and accompanying exhibits, the facts of this case are as follows. Petitioner is a citizen of Venezuela. (Doc. No. 1 at 2.) He entered the United States via an N-1 visa on or about May 31, 2014. (*Id.*) Subsequently, his visa status expired, but petitioner

applied for and was granted temporary protected status ("TPS"), which then expired in 2025. (*Id.* at 4.) Petitioner was re-detained by immigration authorities on or about August 18, 2026, and he presently remains in immigration detention. (*Id.* at 5.) The record does not indicate that petitioner ever received a *pre*-deprivation hearing before an immigration judge before his current detention.

Respondents argue as follows in response to petitioner's habeas petition and motion for a TRO. Respondents concede that petitioner is currently detained pursuant 8 U.S.C. § 1226(a). (Doc. No. 7 at 1.) Nonetheless, respondents argue that petitioner has received all the process due to him under § 1226(a) and that the only relief now available to petitioner is a custody re-determination hearing. (Doc. No. 7 at 1.) Further, respondents argue that the court should deny petitioner's habeas petition because he has not exhausted his administrative remedies. (*Id.* at 4.) For the following reasons, the court rejects all of respondents' arguments as unpersuasive and will order petitioner's immediate release.

First, respondents' exhaustion argument essentially puts the cart before the horse. Here, the due process deprivation given respondents' admission that petitioner is being detained pursuant to § 1226(a) occurred when respondents did not conduct a *pre*-deprivation hearing before an immigration judge. Having requiring petitioner now, *post-hoc*, jump through the hoop of requesting a bond hearing would not adequately address the deprivation of due process he has already suffered. *See, e.g.*, *R.N.G. v. Semaia*, – F. Supp. 3d –. No. 5:26-cv-02839-DSR, 2026 WL 2089544, at *3 (C.D. Cal., July 14, 2026) (explaining that the pursuit of administrative remedies would be inadequate and futile because a post-deprivation bond hearing before an immigration judge is incapable of addressing the injury suffered as a result of the lack of notice or a pre-deprivation hearing).

The court also rejects respondents' other argument that petitioner is not entitled to habeas relief, instead finding persuasive its reasoning set forth in *Kalkan v. Chestnut*, No. 1:26-cv-02026-DAD-EFB, 2026 WL 788112 (E.D. Cal Mar. 20, 2026). In *Kalkan* the petitioner entered the United States on a non-immigrant visa making immigration officials aware of the petitioner's presence, immigration officials initially approved of that presence, and when the visa status

expired immigration officials did not promptly detain the petitioner based on the expiration of status. *Id.* at *1; *see also Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441 (N.D. Cal. Feb. 25, 2026). Petitioner's situation in this case is the same. Further, and important for purposes of the due process analysis, it appears respondents did not provide petitioner with adequate notice or a *pre*-deprivation hearing before an immigration judge prior to his current detention. Indeed, as in *Kharitonova*, cited approvingly by the undersigned in *Kalkan*, the court found that the petitioner had a protected liberty interest that had been violated because, "[a]lthough the government did not detain and then release her, it made a decision *not* to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained." *Id.* at *2. Based upon the reasoning set forth in *Kalkan* and the cases cited therein, the court finds that petitioner's immediate release is the appropriate remedy for the violation of petitioner's right to due process here.

For the reasons stated above,

1. Petitioner's petition for a wit of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner, Jose Torrealba Carrasquel, A-File No. 231-431-759, from custody;
    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;
2. Petitioner's motion for a temporary restraining order (Doc. No. 3) is DENIED as having been rendered moot by this order granting petitioner habeas relief;
3. The Clerk of the Court is directed to serve a copy of this order on the warden of the California City Immigration Processing Center; and

/////

4. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **September 4, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE